IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID GLEN WEEMS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-0576-K |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner David Glen Weems, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 1988, petitioner pled guilty to burglary of a habitation and was sentenced to 15 years confinement. Petitioner was released to mandatory supervision in 1994 and again in 2004. Both times, his mandatory supervised release was revoked by Texas parole authorities. Upon his return to TDCJ-ID custody in 1998 and January 2007, petitioner was denied credit on his sentence for the time spent on mandatory supervised release. Petitioner challenged this action in an application for state post-conviction relief. That application remains pending.[1] Petitioner also seeks federal habeas relief pursuant to 28 U.S.C. § 2254.

---

[1] Petitioner has filed three other state writs, all of which were dismissed on procedural grounds or denied on the merits. *Ex parte Weems*, WR-46,316-01 (Tex. Crim. App. Aug. 16, 2000); *Ex parte Weems*, WR-46,316-02 (Tex. Crim. App. Oct. 25, 2000); *Ex parte Weems*, WR-46,316-03 (Tex. Crim. App. Feb. 16, 2005). None of the claims raised by petitioner in his federal writ were included in the prior state writs.

II.

Although his pleadings are difficult to decipher, the gravamen of petitioner's complaint is that he fully discharged his 15-year burglary sentence on May 18, 2003.

By order dated April 16, 2007, the court *sua sponte* questioned whether this case was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner addressed the limitations issue in a written reply filed on April 20, 2007. The court now determines that this action should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). "[I]n several cases in which Texas prisoners have sought federal habeas relief based on claims that they were entitled to release from custody on previously imposed penitentiary sentences, the federal courts have held that the one year limitations period commenced on the dates which the prisoners claimed to be entitled to release but on which they remained incarcerated." *Turincio v. Dretke*, No. 3-05-CV-8021-D, 2006 WL 740801 at *1 (N.D. Tex. Mar. 13, 2006) (citing cases). This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. 28 U.S.C. § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner contends that he has fully served his 15-year burglary sentence. (*See* Hab. Pet. at 1-2, 4; First Am. Hab. Pet. at 2, 7; Sec. Am. Hab. Pet. at 5-6). The statute of limitations on that claim started to run on May 18, 2003--the date petitioner alleges he should have been released. *See*

*Turincio*, 2006 WL 740801 at *2; *see also Gaona v. Dretke*, No. 2-02-CV-0027-J, 2004 WL 1175490 at *1 (N.D. Tex. May 27, 2004), *rec. adopted*, 2004 WL 1515572 (N.D. Tex. Jul. 6, 2004); *Harris v. Dretke*, No. 3-02-CV-1991-M, 2003 WL 22862685 at *2 (N.D. Tex. Dec. 3, 2003), *rec. adopted*, 2004 WL 719149 (N.D. Tex. Mar. 9, 2004). Petitioner first challenged the calculation of his release date in an application for state post-conviction relief filed on February 23, 2007. That application is still pending. Petitioner filed the instant case in federal court on February 26, 2007.[2]

In an attempt to excuse the nearly four-year delay in seeking state or federal post-conviction relief, petitioner argues that he is not a lawyer and "don't even know how to use a computer even if I had access to one which I do not." (*See* Pet. Reply at 2). Lack of education, ignorance of the law, and lack of computer proficiency are not "rare and exceptional" circumstances that merit equitable tolling. *See, e.g. Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000) (ignorance of law and *pro se* status held insufficient to toll statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 120 S.Ct. 504 (1999) (unfamiliarity with legal process, illiteracy, and lack of representation do not merit equitable tolling). Nor is equitable tolling permitted merely because petitioner believes he is entitled to relief. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Without a sufficient basis for tolling the AEDPA statute of limitations, this case must be dismissed.

---

[2] It is apparent from this time-line that petitioner's claim is unexhausted. However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 1, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE