IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DAVID GLEN WEEMS                         §
                                         §
            Petitioner,                  §
                                         §
VS.                                      §
                                         §       NO. 3-07-CV-0576-K
NATHANIEL QUARTERMAN, Director           §
Texas Department of Criminal Justice,    §
Correctional Institutions Division       §
                                         §
            Respondent.                  §

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner David Glen Weems, a Texas prisoner, has filed an application for writ of habeas

corpus pursuant to 28 U.S.C. § 2254.   For the reasons stated herein, the application should be

denied.

I.

In 1988, a Dallas County grand jury indicted petitioner for burglary of a habitation. Petitioner

pled guilty to the indictment and was sentenced to 15 years confinement. (Pet. Supp. Writ, Exh. A

at 3).[1]  After serving 1,683 days of his sentence, petitioner was released to parole on February 19,

1993. (*Id.*, Exh. C at 2 & Exh. D).  His parole was revoked on May 21, 1999. (*Id.*, Exh. C at 2).

_____

[1] Petitioner is also serving a 15-year sentence on a 1989 conviction for unauthorized use of a motor vehicle
out of Collin County, Texas.  To the extent petitioner intends to challenge the calculation of that sentence in this
proceeding, the court lacks jurisdiction to grant habeas relief.  Instead, petitioner must seek relief in the Eastern District
of Texas, the district where he is incarcerated and where the state court which convicted and sentenced him is located.
*See* 28 U.S.C. § 2241(d) ("Where an application for a writ of habeas corpus is made by a person in custody under the
judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application
may be filed in the district court for the district wherein such person is in custody or in the district court for the district
within which the State court was held which convicted and sentenced him[.]").

Petitioner was again paroled on January 9, 2003. (*Id.*, Exh. C at 2 & Exh. E at 2). According to a certificate issued by the Texas parole board, petitioner would fully discharge his sentence on May 14, 2009 if he complied with the conditions of his release. (*Id.*, Exh. E at 1). On July 22, 2003, a violator's warrant was issued after petitioner tested positive for drugs. (*See* Pet. Supp. Writ at 6 & Exh. F at 1-2). Petitioner was arrested the next day and remained in custody until October 16, 2003, when he was paroled for a third time. (Pet. Supp. Writ, Exh. C at 2 & Exh. F at 3-4). That certificate of parole also reflects a projected discharge date of May 14, 2009. (*Id.*, Exh. F at 3). On March 5, 2004, petitioner was arrested for yet another parole violation. (*Id.*, Exh. C at 2). Petitioner remained in custody until he was paroled for a fourth time on or about March 10, 2005. (*Id.*). More than a year later, on April 5, 2006, Texas parole authorities issued a warrant after petitioner failed to report to his supervising officer and violated other conditions of his release. (*Id.*, Exh. G at 1-3). Petitioner was arrested on January 19, 2007, and his parole was revoked on January 24, 2007. (*Id.*, Exh. G at 2-3). After serving nearly 17 more months in custody, petitioner was paroled for a fifth time on June 12, 2008. (*Id.*, Exh. I at 2). This time, his certificate of parole reflects a projected discharge date of February 26, 2010. (*Id.*, Exh. I at 1).

Dissatisfied with the manner in which Texas prison officials have calculated his projected discharge date, petitioner filed an application for state post-conviction relief. The application was dismissed. *Ex parte Weems*, WR-46,316-05 (Tex. Crim. App. Jun. 27, 2007). Petitioner then filed this action in federal district court.

II.

In his *pro se* writ, petitioner contends that: (1) prison authorities failed to give him proper credit for "street time" accumulated while on parole and improperly changed his projected discharge

date from May 14, 2009 to February 26, 2010; and (2) his confinement as a result of the 2007 parole

revocation violated the double jeopardy clause and constituted false imprisonment.[2]

## A.

The threshold issue in this case is whether petitioner has a constitutionally protected liberty

interest in "street time" credits accumulated while on parole. Prior to 2001, Texas law allowed the

parole board to disregard the "street time" a prisoner accumulated while on release. *See Haltom v.*

*Owens*, 294 Fed.Appx. 917, 918, 2008 WL 4411559 at *1 (5th Cir. Sept. 30, 2008), *citing* TEX.

GOV'T CODE ANN. § 508.283 (Vernon 1998). As a result, Texas prisoners had no liberty interest in

the retention of "street time" upon the revocation of parole or mandatory supervision. *Id.*, 2008 WL

4411559 at *1. However, under a 2001 amendment to the Texas Government Code:

> If the parole, mandatory supervision, or conditional pardon of a person
> other than a person described by Section 508.149(a) is revoked, the
> person may be required to serve the remaining portion of the sentence
> on which the person was released. For a person who on the date of
> issuance of a warrant or summons initiating the revocation process is
> subject to a sentence the remaining portion of which is greater than
> the amount of time from the date of the person's release to the date of
> issuance of the warrant or summons, the remaining portion is to be
> served without credit for the time from the date of the person's release
> to the date of revocation. For a person who on the date of issuance of
> the warrant or summons is subject to a sentence the remaining portion
> of which is less than the amount of time from the date of the person's
> release to the date of issuance of the warrant or summons, the
> remaining portion is to be served without credit for an amount of time
> equal to the remaining portion of the sentence on the date of issuance
> of the warrant or citation.

---

[2] Petitioner also raised issues involving the validity of his original guilty plea and the loss of "street time" credits as a result of prior parole revocations. This court dismissed those claims, as well as petitioner's claims involving his 2007 parole revocation, on limitations grounds. *Weems v. Quarterman*, No. 3-07-CV-0576-K, 2007 WL 1362367 (N.D. Tex. May 7, 2007). The Fifth Circuit granted a COA and vacated the judgment with respect to issues relating to petitioner's 2007 parole revocation, but denied a COA as to "any other claims." *Weems v. Quarterman*, 271 Fed.Appx. 445, 446, 2008 WL 828827 at *1 (5th Cir. Mar. 28, 2008). The court therefore considers only those claims relating to petitioner's confinement and loss of "street time" credits as a result of the 2007 parole revocation.

TEX. GOV'T CODE ANN. § 508.283(c) (Vernon 2004). This amendment governs the calculation of

sentence credits in parole proceedings conducted after September 1, 2001, regardless of the date of

conviction. *See Castleberry v. Quarterman*, No. 2-06-CV-0154-J, 2007 WL 1406537 at *2 (N.D.

Tex. May 10, 2007). Succinctly stated, a parole violator is entitled to "street time" credits

accumulated while on release if two conditions are met: (1) the person is eligible for early release;

and (2) the "remaining portion" of the sentence is less than the amount of time spent out on release.

*See Ex parte Spann*, 132 S.W.3d 390, 392-94 (Tex. Crim. App. 2004). The "remaining portion" of

a sentence is that part of the sentence remaining on the date the violator is released on parole, less

the time spent on release. *Id.* at 396. The Fifth Circuit has recognized that this amendment may

create "a protected liberty interest in retention of street time by some prisoners whose release was

revoked after September 1, 2001." *Haltom*, 294 Fed.Appx. at 918-19, 2008 WL 4411559 at *1; *see*

*also Whitley v. Dretke*, 111 Fed.Appx. 222, 223, 2004 WL 1895117 at *1 (5th Cir. Aug. 25, 2004).

While section 508.283(c) may create a liberty interest in "street time" credits under certain

circumstances, another provision of the same statute makes clear that the accumulation of such

credits is suspended between the date a violator's warrant is issued and the date a final revocation

determination is made. Under section 508.283(d) of the Texas Government Code:

> If a warrant is issued charging a violation of a release condition or a
> summons is issued for a hearing under Section 508.281, the sentence
> time credit may be suspended until a determination is made in the
> case. The suspended time credit may be reinstated if the parole,
> mandatory supervision, or conditional pardon is continued.

TEX. GOV'T CODE ANN. § 508.283(d) (Vernon 2004).

B.

At issue in this proceeding is the postponement of petitioner's projected discharge date from

May 14, 2009 to February 26, 2010--a period of 289 days. As counsel for petitioner explains in his

supplemental writ, "Mr. Weems received the full amount of jail and 'street time' up until the time the

parole board issued the warrant for his arrest on April 5, 2006." (*See* Pet. Supp. Writ at 9).[3] Under

section 508.283(d), petitioner is not entitled to "street time" credits from April 5, 2006, the date the

most recent violator's warrant was issued, to January 19, 2007, the date petitioner was arrested on

the warrant. That 290-day period roughly accounts for the postponement of petitioner's projected

discharge date from May 14, 2009 to February 26, 2010. Because petitioner has received all the

"street time" credits to which he is entitled, there is no error in the calculation of his sentence or his

projected discharge date.

## C.

Petitioner further contends that his confinement as a result of the 2007 parole revocation

violated the double jeopardy clause and constituted false imprisonment. "The Fifth Circuit has

declined to extend the protections of the double jeopardy clause to parole revocation proceedings."

*Brooks v. Dretke*, No. 3-04-CV-1407-P, 2005 WL 169255 at *3 (N.D. Tex. Jan. 24, 2005), *rec.*

*adopted*, 2005 WL 440452 (N.D. Tex. Feb. 25, 2005), *citing Morrison v. Johnson*, 106 F.3d 127,

129 n.1 (5th Cir. 1997). Nor is petitioner falsely imprisoned as a result of his 2007 parole

revocation. A change of address notice filed by petitioner indicates that he was released from prison

in June 2008. (*See* Doc. #38). Although petitioner was recently arrested for another parole violation,

(*see* Doc. #48), it is clear that his current incarceration is not the result of the 2007 parole revocation.

In any event, the court has concluded that petitioner is not entitled to additional "street time" credits

---

[3] After this case was remanded by the Fifth Circuit, the court appointed an attorney to represent petitioner and directed the parties to file supplemental briefs. In a supplemental brief filed on April 14, 2009, counsel for petitioner reluctantly conceded that petitioner is not entitled to credit on his sentence for the 289-day period between April 5, 2006 and January 19, 2007, and that Texas prison authorities have correctly computed his release date. (*See* Pet. Supp. Br. at 1-2). Petitioner takes issue with that concession in a *pro se* pleading filed on April 29, 2009, but fails to convince the court that he is entitled to additional "street time" credits or that prison authorities improperly determined his projected discharge date.

and has not discharged his sentence.  That determination is fatal to his false imprisonment claim. *See Williams v. Director, TDCJ-CID*, No. 9-07-CV-67, 2007 WL 2408529 at *4-*5 (E.D. Tex. Aug. 21, 2007) (rejecting false imprisonment claim where prisoner was not denied any rights during parole revocation proceedings).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  May 14, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE